## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Dec 30 2016, 7:01 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Derick W. Steele
Deputy Public Defender
Kokomo, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Caryn N. Szyper
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Timothy L. Sallee, Jr., <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff* | December 30, 2016 <br><br> Court of Appeals Case No. <br> 34A02-1606-CR-1341 <br><br> Appeal from the Howard Superior Court <br><br> The Honorable G. Thomas Gray, Senior Judge <br><br> Trial Court Cause No. <br> 34D01-1409-CM-775 |

**Mathias, Judge.**

[1] Timothy L. Sallee, Jr. ("Sallee") was convicted in Howard Superior Court of Level 6 felony maintaining a common nuisance, Class A misdemeanor

possession of a controlled substance, and Class A misdemeanor possession of a synthetic drug or synthetic drug lookalike substance. Sallee appeals his convictions and argues that a State's witness lacked a sufficient independent basis for her in-court identification of Sallee.

[2] We affirm.

## Facts and Procedural History

[3] In September 2014, officers assigned to the Kokomo Police Department's drug task force were conducting surveillance of a residence located at 506 Tomahawk Boulevard in Kokomo. During their surveillance, the officers observed numerous vehicles coming and going from the residence.

[4] On September 23, 2014, Officer Derek Root ("Officer Root") saw Sallee exit the residence with his girlfriend, Kelly Byers ("Byers"). On that same day, Officer Root applied for and received a search warrant for 506 Tomahawk Boulevard.

[5] During execution of the search warrant, officers discovered a cellophane wrapper containing eleven pills inside the front pocket of a man's shirt hanging in the bedroom closet. Ex. Vol., State's Exs. 11 & 12. The pills were later identified as the controlled substance buprenorphine. Tr. p. 65. The officers also discovered a packet of "spice" in a bedroom drawer. Subsequent testing revealed that the spice contained the controlled substance AB-FUBINACA. In addition, the officers found several empty spice or synthetic marijuana packets and two digital scales.

[6] Sallee was charged with Level 6 felony maintaining a common nuisance and two Class A misdemeanors: possession of a controlled substance and possession of synthetic drug or synthetic lookalike substance. A jury trial was held on April 15, 2016.

[7] At trial, Lisa Thieke ("Thieke") testified that she had rented 506 Tomahawk Boulevard to Sallee and Byers. Thieke believed that Sallee's first name was possibly Tony. However, she stated that she was certain his last name was Sallee. The State asked Thieke if the person to whom she rented the property, whom she referred to as Mr. Sallee, was present in the courtroom. Thieke responded in the affirmative, and when the State asked Thieke to identify that person, she pointed to the defendant, Sallee. Tr. p. 29. Sallee did not object to the in-court identification.

[8] The jury found Sallee guilty as charged. The trial court sentenced Sallee to 913 days for the Level 6 felony maintaining a common nuisance conviction. The court ordered 548 days executed in the Howard County Jail, and 365 days suspended to probation. Sallee was sentenced to 365 days for the Class A misdemeanor convictions, to be served concurrent to each other and to the Level 6 felony conviction. Sallee now appeals his convictions.

## Discussion and Decision

Sallee frames his claim on appeal as one for insufficient evidence to support his convictions,[1] but the only issue argued and supported by citation to authority is his assertion that Thieke's in-court identification was unduly suggestive and violated his due process rights. *See* Appellant's Br. pp. 9-11. Sallee asks this Court to "reverse his convictions as a result of the first time in-court identification of the witness." *Id.* at 12.

Sallee failed to object to Thieke's in-court identification. Therefore, he must establish that the in-court identification constitutes fundamental error. *Hoglund v. State*, 962 N.E.2d 1230, 1239 (Ind. 2012) ("Failure to object at trial waives the issue for review unless fundamental error occurred."). "The fundamental error doctrine provides a vehicle for the review of error not properly preserved for appeal." *Id.* "In order to be fundamental, the error must represent a blatant violation of basic principles rendering the trial unfair to the defendant and thereby depriving the defendant of fundamental due process." *Id.* Harm is found when error is so prejudicial as to make a fair trial impossible. *Id.*

It is well settled that "[t]here is a degree of suggestiveness which is inherent in all in-court identifications; the practical necessity of having the appellant sit at the defendant's table with defense counsel naturally sets him apart from

---

[1] Concerning his claim that the evidence was insufficient to support his convictions, Sallee argues only that "due to the impermissible in-court identification, there was insufficient evidence to link Sallee to the residence subject to the search by the Kokomo Police Department and as such insufficient evidence to convict Sallee." Appellant's Br. at 11-12.

everyone else in the courtroom." *Jeter v. State*, 888 N.E.2d 1257, 1266 (Ind. 2008). "Whether a particular identification procedure rises to a level of suggestiveness that constitutes reversible error must be determined from the context of the case." *Id*. "Suggestiveness is proscribed only when it can reasonably be avoided under the circumstances." *Id*. "[A]bsent any extraordinary effort to single out the defendant at trial, in-court identification is not unduly suggestive where the witness is firm in his identification." *Id*.

[12] Sallee claims that "[t]here was no evidence that Thieke had any independent knowledge of Sallee prior to the in-court identification." Appellant's Br. at 10. However, Thieke testified that she had rented 506 Tomahawk Boulevard to Sallee and Byers. Thieke was confused about Sallee's first name and believed that it was possibly Tony. However, she stated that she was certain his last name was Sallee. Thieke stated that the person who rented the Tomahawk residence was present in the courtroom and identified that person as the defendant, Timothy Sallee. Tr. p. 29.

[13] Nothing about Thieke's unequivocal in-court identification of Sallee was unduly suggestive. Thieke explained how she knew Sallee before identifying him. The State's purpose in presenting Thieke's testimony was to establish that the defendant was an occupant of 506 Tomahawk Boulevard. The State also presented Officer Root's testimony that he saw Sallee at the residence on the date the search warrant was issued and that 506 Tomahawk was the "known residence" of Sallee and Byers. Tr. p. 71.

For all of these reasons, we conclude that Sallee has not established that the trial court committed error, much less error so prejudicial as to make a fair trial impossible, in admitting Thieke's in-court identification of Salle. Therefore, we affirm his convictions for Level 6 felony maintaining a common nuisance, Class A misdemeanor possession of a controlled substance, and Class A misdemeanor possession of a synthetic drug or synthetic drug lookalike substance.

Affirmed.

Robb, J., and Brown, J., concur.